IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DISTRICT

COSSANDRA THOMAS                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:23-cv-545-DPJ-ASK

THE CITY OF JACKSON et.al                                                        DEFENDANTS

---

**PLAINTIFF'S MEMORANDUM RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT DOC.[103]**

---

**COMES NOW**, Plaintiff Cossandra Thomas and files this memorandum response in opposition to Defendants' motion for summary judgement. As such, Plaintiff adamantly shows this honorable court where each of defendants' defenses are disputed material facts and Plaintiffs shows the fatal dispute of the non discriminatory defense of defendant motion for summary judgement pursuant to law. The original lawsuit was commenced in 2020 and plaintiff Cossandra Thomas was ordered by the court that her disparate treatment(gender discrimination) claim was birthed from the case of approximately [20] Jackson Police Officers with various claims and against The City of Jackson and Jackson Police Chief, James Davis in case 3:23-cv.20-785. This court ruled over that case and the present case was severed according to the Chief Judge, Judge Jordan. Furthermore, this court opined, at **Doc.[68] exhibit [1]** demonstrating that the qualified immunity defense of James Davis is **denied.** As such, the plaintiff reveals as evidence in opposition of defendants' defenses, law and facts that should render

defendants' motion for summary judgment as *denied.* As such, Plaintiff will show to wit:

1. This Court has ruled on The City of Jackson's et.al immunity defense for James Davis as denied.. Please see **ex. [1]** This Court's Order Doc.[68]. Plaintiff avers to this cour that plaintiff has not changed nor amended any of its facts since the court's order on immunity at Doc.[68], please see **ex.[2]** The docket sheet for this case.

2. Next, the City of Jackson Defendants' seems to claim two defenses in this lawsuit on summary judgement. First, they say they have a legitimate reason for discrimination because the plaintiff had a criminal history. However, Plaintiff will show the court that she has never had a criminal history to this date, but The City of Jackson Police Department did have males on the SWAT Team who had criminal history but those males were never told to resign nor was discriminated against as the only female plaintiff was.

3. Second, Defendant defense is also that plaintiff had not identified a policy or custom of the City of Jackson. Again, not factually because the City of Jackson's own employee handbook hereto attached as exhibit [4] and filed in defendants memorandum for summary judgement at Doc.[116-5]. Found on page 10, of 74 pages, of Section 2.3 is the Policy Against Harassment and stating: The City of Jackson is committed to providing a work environment that is free from discrimination in any form. In keeping with this commitment, the City maintains a STRICT POLICY PROHIBITING UNLAWFUL HARASSMENT,...

4. The defendants The City of Jackson Policy and Custom and in their own Doc.[116-5] at page 7 of 74 pages, Section 1.5.6, hereto attached as **exhibit [5]**. RESPONSIBILITIES says: "...THEIR TREATMENT IN ALL ASPECTS OF PERSONNEL ADMINISTRATION SHALL BE IMPARTIAL AND WITHOUT REGARD TO RACE, RELIGIOUS CREED, COLOR, ANCESTRY, <u>**GENDER,** AGE, MARITAL STATUS, PREGNANCY, CHILDBIRTH OR RELATED MEDICAL CONDITION, NATIONAL ORIGIN, OR DISABILITY, AND WITH PROPER REGARD FOR THEIR PRIVACY AND **CONSTITUTIONAL RIGHTS AS CITIZENS.**</u>

5. Therefore, Defendants motion for summary judgement and its memorandum at Doc. [103] <u>*said*</u> that: the grounds for their motion for summary judgement are fully set forth in their memorandum at Doc.[104] which is being filed simultaneously with the motion, in accordance with Local Rule 7(b)(2). Additionally, defendants said they rely on exhibits 1-7: Plaintiff's deposition taken on November 21, 2024, where defendants merely attached the document but shows no evidence of any material fact that is not being disputed.[1] exhibits to the plaintiff's deposition, the Declaration of Chief James Davis (James Davis was denied immunity at Doc.[33] and this declaration is not a sworn affidavit because James Davis, in the second paragraph said he himself was a member of

---

[1] Defendant seems to be under the thought that submitting a plethora of documents bolsters their case for summary judgment based on the number of documents because the plaintiff's deposition demonstrate that Plaintiff was the only female ever on JPD SWAT TEAM, and that The City Defendants never thought she committed any crime, otherwise, seems they would have taken some sort of reprimand or action for what they now calls a crime by a Police Officer.

the SWAT Team, and that the standards for a SWAT Team member will not allow its members to have been the SUBJECT of a recent criminal charge or serious misconduct matter. As such, James Davis declaration, and not a sworn affidavit seems to support Plaintiff's claim of gender discrimination because James Davis knew at all times relevant to Plaintiff's claims that one of James Davis fellow SWAT Team member, ARRON ALLEN, a MALE was a criminal domestic crime, but never terminated from being a member of the SWAT Team. Please see the affidavit of Randy Avery, **exhibit[6],** the supervisor who got a call that two Jackson Police Officers, SWAT Team member Arron Allen and Tina Bianchini were in a fight[2]. Like Plaintiff, Tina Bianchini was a female who sued the City of Jackson with facts that " an African American male police officer, who was involved in the domestic violence encounter with her, was not arrested and charged as she was, please see **exhibit[ 7].** And that the City Defendants have not fired other African American police officers that have been charged with domestic violence before and after March 26, 2015." Also, Tina Bianchini said in the federal court filed lawsuit against The City of Jackson, 3:16-cv-00510-DPJ-FKB, that she was treated differently than Males police officers employed with The City of Jackson. Bianchini's lawsuit states that …she was treated for injuries she suffered during the incident with Aaron Allen. Here, the Affidavit from Randy Avery, exhibit[6] confirms this statement which is being submitted to this court to show that The City Defendants with James Davis

---

[2] Upon information from the lawsuit filed the two were as a couple both working for Jackson Police Department whereby Tina Bianchini filed a lawsuit against the City of Jackson 3:16-cv.00510-DPJ-FKB.

declaration statement regarding a SWAT TEAM MEMBER cannot have been the SUBJECT of a crime. The statement is not true, which is clearly why he did not make a sworn affidavit. There were other males on the SWAT Team who was actually the subject of criminal activity, and so bad that a woman ended up in the hospital. Plaintiff was treated differently than the male, The City of Jackson defendants have not shown a legitimate reason for the discrimination.

6. Next, The City of Jackson said: Affidavit statement of plaintiff dated October 26, 2021 attached as exhibit I to the Amended Complaint. The City of Jackson defendants merely shows that plaintiff resigned and sought her remedies by filing a timely EEOC complaint, see **ex.[16]** right ot sue letter from the EEOC, and of course she sought legal, she has the right to seek redress for her injuries. Defendants are correct, plaintiff immediately began working for SouthHaven Mississippi Police Department as an Office by Police Officers does background checks before hiring. Please See **ex[ 8]**.

7. Additionally, when Plaintiff submitted her resignation to Jackson Police Department, she received [2] separate internal memorandums, one from Commander Marco Johnson, and the other from Interim Deputy Chief of Patrol Operations, Tiny Harris. Please see ex. 9. Both letters say that **she demonstrated integrity and professionalism during her time with JPD and in the event she returned to JPD, there will be no quarries.** Therefore, Plaintiff has shown that she did not have any criminal record that would have caused her to be treated differently than the males for acceptance on the SWAT Team.

8. Defendant just filed paper for no defense in regards to plaintiff's EEOC charge, it was proper, and they are [4] years late in trying to use a properly filed document as improper when they submit as an exhibit the U.S. Equal Employment investigative file.

9. The so-called disciplinary memo dated October 4, 2018 hereto attached as **exhibit** [10] never was done and the document itself says: *"INTENDED Disciplinary Action"*. Defendants never took any days, nor reprimanded nor took her pay for being a VICTIM of a Sexual Assault from convicted Terrance Mayfield, Surely if they did they would have shown it as an exhibit to their claim,[3] In fact, Terrance Mayfield dropped the charges, once the City gave him reprimands and days off for sexually assaulting the plaintiff. Plaintiff contends that she recognizes sexual harassment because she was given a certificate from The City of Jackson and signed by the EEO Officer 08/17/2017. Please see exhibit [17].

10. Last Hinds County Justice Court Abstract of Court Record. Plaintiff avers that The City of Jackson Defendants should be ashamed of themselves for telling the court that this document proves Plaintiff is or was a criminal. First, the document was filed by convicted JPD Officer Terrance Mayfield on 05-12-2018, for Malicious Mischief. The document clearly shows that the Justice Court's JUDGEMENT, was REMANDED TO FILE, there was no sentence, or fees assessed to Plaintiff which again all shows that no such criminality was ever

---

[3] Like her pay deduction, or time off signed off by Chief James Davis, and surely Davis would have made a formal affidavit, or even in his unsworn declaration attached to the City Defendants motion for summary judgement.

performed by plaintiff and the assertion by The City of Jackson was merely to attempt to defraud the court from the very fact of record they submitted as evidence. Please see **exhibit [3]**. Therefore, the motion for summary judgement should be denied, and any weight of the evidence by the court should favor plaintiff, the non-mover.

11. Plaintiff avers that she was treated with disparate treatment by the City of Jackson et.al because of her Gender.

12. Plaintiff was the **FIRST WOMAN AND ONLY FEMALE ever in the history of** The City of Jackson Police Department SWAT TEAMas of 10/12/2017, please see **exhibit [11], where plaintiff stands in a photo as the only female amongst all males.** In fact, the local Mississippi Clarion Ledger published an article regarding the plaintiff being the first woman with JPD SWAT TEAM.. See **exhibit [13]**. The article goes further and states: Jackson Police Officer Casandra Feltson(maiden name) made history as the SWAT TEAM'S FIRST WOMAN IN JPD HISTORY TO JOIN THE ELITE TEAM. please see **exhibit [14]**.

13. Plaintiff contends that she not only qualified all the way to the end of the tryouts, but defendant James Davis admits that he told the selection committee not to select plaintiff; Defendant memorandum doc.[103-3], last paragraph."I observed tryouts, which were taking place at the Shooting Range." I told Sergeant Albrecht that Officer Feltson did not fit the criteria to be a SWAT TEAM MEMBER." This supports that it seems that when plaintiff applied for the SWAT Team would have been when the committee would have known or seen that she had this

so-called criminal record, but they did not, in fact, Davis said she made it to the shooting range of tryouts, even though she successfully passed through all of the assessments. This statement also clearly shows that James Davis made it a point to pick the FEMALE out of all the candidates, because she was the only female who had no criminal record. Again, there has not been any defense since the inception of the lawsuit in December 2020, and the [3] motions to dismiss stating that plaintiff Thomas was a criminal case as a defense, not even once was this ever proffered into evidence. If this was factual, and plaintiff has shown above that it is not, ***then it would have been required to have been plead under 12(b) or other defenses***, it was not, and the proof of the abstract proves no criminal history.

14. Next, as of April 9, 2024, and updated as April 11, 2024, showing that defendants' making headlines stating: "JACKSON POLICE SELECTS NEW SWAT TEAM MEMBER. The issue is that the images in the story headlines reveals that again ALL MALES. Please see **exhibit[14]**.

15. Plaintiff avers that The City of Jackson qualification for SWAT TEAM are to be a certified police officer, pass cardio training, strength training and demonstrate firearms expertise, please see **exhibit [15]**. In this case, plaintiff passed all the test; and was not allowed to re-join the SWAT TEAM because of her gender. There existed no legitimate reason, and where there is doubt, the nonmover should be granted favor and defendants motion denied.

16. FIFTH CIRCUIT OF APPEALS LAW UNDER SUMMARY JUDGEMENT:

17. "A plaintiff proves disparate treatment discrimination by showing that her employer treated her less favorably than others because of a protected character such as race". **Saketkoo v. Administrators of Tulane Educational Funds** 31 F. 4th 990, 997-98 (5th Cir. 2022). Here, plaintiff has demonstrated that she was treated differently due to her gender as a female, and without reciting all the above facts, plaintiff ask the court to consider the claims sought based on the facts and law cited.

18. Next, 5th Circuit holds that the reasoning for the discriminant treatment **must be legitimate**. "A judicial complaint filed pursuant to Title VII may encompass any kind of discrimination like or related to allegations contained in the EEOC CHARGE as well as discrimination that grows out of such allegations during the pendency of the case." Here, defendants failed the test of legitimate reasons as shown above, therefore, the motion should be denied.

19. Moreover, Title VII also holds that "to establish a prima facie claim for discrimination under Title VII a plaintiff must show that he(1) is a member of a protected group; (2) was qualified for his position, (3) was discharged or suffered some adverse employment action by the employer, and (4)was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. **Ernst v. Methodist Hosp. Sys.** 1 F.4th 333, 339 (5th Cir.2021).(citation omitted). In the instant case, Plaintiff Thomas fits each element as provided by the 5th Circuit. First, she is a woman, second, the evidence reveals that she has shown that she was qualified

for the JPD SWAT TEAM and third, the adverse employment was when the defendants eliminated her as a member of the SWAT Team due to her gender, causing all the claims sought including and not limited to emotional distress, humiliation and embarrassment so much so that she felt compelled to move from the environment because she saw where Arron Allan, a male SWAT TEAM Member, with a criminal history was allowed to remain on the SWAT TEAM,, Fourth, plaintiff declares she was treated differently than Male SWAT TEAM member, Arron Allan. Therefore, the motion for summary judgement should be denied.

20. Moreover, 5th Circuit opined in law that favors Plaintiff when it said: "A genuine issue exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving part." *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202(1986), and the 5th Circuit current law holds: "That District Courts cannot resolve factual disputes by weighing conflicting evidence in considering a motion for summary judgement is beyond peradventure. *Farbwerke Hoeschst A.G. v. M.V. "Don Nicky"*, 589 F. 2d 795, 798 (5th Cir. 1979). Here, plaintiff has demonstrated disputed facts that should render this matter to be decided upon by a jury verdict. As such, the motion for summary judgement should be denied because 5th Circuit hods that: "Summary judgement can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." **Summary judge is IMPROPER** where the court merely believes it is unlikely that the nonmoving party will prevail at

trial. *National Screen Service Corp. v. Poster Exchange, Inc.*, 305F.2d 647, 651 (5th Cir. 1962); this law has not been overruled by the 5th Circuit therefore its application in the instant case is on point. .

21. As to Plaintiff's claims under Section 1983 and 1981, 5th Circuit has established that: "This Court has long interpreted Section 1981 and 1983 alike because they were enacted together, have common language, and serve the same purpose providing black citizens the same legal rights as enjoyed by other citizens. See e.g. *Ruyon v. McCray*, 427 U.S. 160, 183, 197, 190, 96 S.CT. 2586, 49 l.ed. 2d 415(3) In 1989, *Patterson v. McLean Credit Union*, 491 U.S. 164, 177, 109 S CT. 2363  105 L. Ed. 2d 132, *CBOCS W. Inc. v. Humphries*, 553 U.S. 442, 128 S. Ct 1951, 1952-53, 170 l. eD 2D 864 (2008).

22. **CONCLUSION**

23. Plaintiff's Response is evidenced and navigated before this court for gender discrimination under the crux of defendants violating Plaintiff Thomas Title VII of the  Civil Rights Act of 1964,  Equal Protection claims under 42 U.S.C. Section 1983, and state claims including emotional distress. Please see Schultea Reply at Doc.[33] on October 29, 2021.  It follows that Defendant attempted, through is motion for summary judgement, to try and state that **they had a non-discriminatory reason for violating Section 1983, and Equal Protection under  the United States Constitution,** because Plaintiff was not selected on the **ALL Male SWAT Team** because she had a criminal history as a Jackson Police Officer.  Such defense was never sought on any previous motion to dismiss, nor

plead as a defense in defendants anwer to the lawsuit under 12(b)6. please see docket at ex.[ 2], more importantly, and even if it was, the defense is simply robustly *disputed* and that's with plaintiff contradicting each of the City Defendant's own exhibit. The City of Jackson Defendant's own admission that Plaintiff immediately began working for the SouthHaven Police Department after terminating her employment with JPD, please see Defendant's memorandum under statement of facts Doc.[104] at page 2 and first paragraph. As such, she could not have been qualified with SouthHaven Police Department if there was a criminal act on her background check, nor was she ever reprimanded by JPD for the accusation asserted by defendants in their motion for summary judgement. .

24. Next, Defendant's has failed to tell the court the correct facts of the matter which is JPD Officer Terrance Mayfield dropped the so-called charge against plaintiff for malicious mischief,after making only a phone call and not filing a proper complaint to the court.[4] please see Defendants' motion for summary judgement at page two, and second paragraph "Torrence Mayfield, a fellow JPD officer who was in a romantic relationship with plaintiff, called the Hinds County Sheriffs Office and filed criminal charges against the plaintiff for malicious mischief/" This is to be believed to have been from Torrence Mayfield retaliating against plaintiff after he was caught sexually assaulting her on an elevator right in the JPD Headquarters building.

---

[4] It is not understood how a JPD Officer was allowed to make a phone call instead of a written affidavit of the truth of the matter asserted.

25. In fact, The Jackson Police Department found that Plaintiff was not guilty of causing herself to be sexually attacked by Defendants' male employee Torrence Mayfield.. She was never reprimanded for any malicious mischief for being the reason of being sexually attacked. **THERE IS NO LEGITIMATE REASON FOR THE GENDER DISCRIMINATION.**

26. Moreover, Defendant admits that Plaintiff Cossandra Thomas was **SEXUALLY ASSAULTED**, while on duty as a JPD Officer, and at the Jackson Police Department Headquarters in an elevator, by Officer Terrance Mayfield, who is now a convicted felon by the U.S. District Court for another crime. Please see In fact, JPD after investigating the video showing Plaintiff being nearly raped by Terrance Mayfield, did NOTHING to Plaintiff[5] because Internal Affairs found that Plaintiff did nothing to induce the sexual behavior of Terrance Mayfield. Additionally, Unlike Terrance Mayfield who also tried out for this SWAT Team but did not even make it through the shooting range section[6] Plaintiff did make it and all the way to the end when the Chief of Police, James Davis treated her differently than males on the SWAT TEAM, i.e.Arron Allan. . Plaintiff contends that if she had this so-called criminal act on her background history, then she would not have qualified to try out in the beginning, not the ending. Therefore, defendants motion for summary judgement should be denied because there exist a material fact as defendants defenses that are proven to be fatally agaisnt the

---

[5] Time off nor reprimand
[6] Mayfield was disqualified for scoring low at the shooting range.

F.R.C.P. 56 and 5th Circuit frowns at district courts deciding the weight of the evidence when the motion should favor the non-mover, plaintiff.

Respectfully Submitted, this the 8th day of January, 2025

/s/Abby Robinson (MSB.105157)
ABBY ROBINSON & ASSOC. LAW FIRM PLLC
227 E. PEARL STREET
JACKSON, MS 39201
TELEPHONE. 601-321-9343
Email: arobinsonlawfirm@yahoo.com

## CERTIFICATE OF SERVICE

I certify that I have filed, this date, January 08, 2025 the foregoing documents with the Clerk of Court using the CM/EFC system, which sent notification of that filing to all persons registered to receive service of this case.

**DEFENDANTS
CITY OF JACKSON LEGAL
455 E. CAPITOL STREET
JACKSON, MS 39201**